|  |  |
|---|---|
| RAYMOND DOUGLAS,<br><br>          Plaintiff,<br><br>     v.<br><br>SACRAMENTO JOB CORPS CENTER,<br><br>          Defendant. | Case No. 2:21-cv-02285-DAD-JDP (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO REMAND AND DEFENDANT'S MOTION TO DISMISS<br><br>ECF Nos. 3, 4, 7, & 10 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

    Plaintiff Raymond Douglas was enrolled in defendant Sacramento Job Corps Center's program and resided at the center for four months. He alleges that while he was living at the center several non-party individuals subjected him to physical and sexual battery, professional negligence, and numerous other tortious acts. ECF No. 1-1. After the center tried unsuccessfully to alleviate plaintiff's concerns by moving him to different rooms, plaintiff was expelled from the center. *Id.* at 8-15.

    In January 2017, plaintiff commenced this action in Sacramento County Superior Court. ECF No. 7-2 at 4. In December 2021, more than six months after plaintiff filed a second amended complaint, the United States removed the case to this court on behalf of defendant. ECF No. 1. The United States now moves to dismiss, arguing that plaintiff's claims can only proceed under the Federal Tort Claims Act ("FTCA") and that the United States is the only proper

1  defendant under the FTCA. It further argues that even if plaintiff is permitted to amend his
2  complaint to name the United States, the court lacks jurisdiction because plaintiff failed to
3  exhaust his administrative remedies. Plaintiff has filed two motions to remand, arguing that
4  removal was untimely and that the court lacks jurisdiction over his tort claims. The parties'
5  motions are insufficiently briefed, making it difficult to assess their respective arguments. I
6  therefore deny the parties' motions without prejudice to renewal.[1]

## Motions to Remand

8   Plaintiff moves to remand this matter back to state court. ECF Nos. 7 & 10. He argues
9   that remand is proper because defendant is not a federal agency and because removal was
10  untimely. ECF No. 7 at 2 (citing 28 U.S.C. § 1446(b)). The United States responds that 28
11  U.S.C. § 2679 provides that the Attorney General shall "remove a case from state court at any
12  time before trial" upon certification that "the defendant [federal] employee was acting within the
13  scope of his office or employment." *Id.* at §§ 2679(d)(1) & (2); *see* ECF No. 9 at 4. In plaintiff's
14  second motion to remand, he appears to concede that § 2679(d) could provide a basis for removal,
15  but he argues that the Attorney General has failed to complete the requisite certification under
16  that provision. ECF No. 10 at 3-5. He also contends that because defendant is an independent
17  contractor under 28 U.S.C. § 2671(a) it is not a federal agency within the meaning of the removal
18  statute. *Id.* at 3.

19  When a federal employee is sued in state court, the Attorney General must review the case
20  to determine if the employee was acting within the scope of his or her employment when the
21  allegedly harmful conduct occurred. 28 U.S.C. § 2679(d)(1). If the Attorney General certifies
22  that the employee was acting within the scope of his or her employment, the United States can
23  remove the case to federal court at any time before trial. If the Attorney General certifies that the
24  employee acted within the scope of his or her employment, "the United States shall be substituted
25  as the party defendant . . . [and the action] shall be removed without bond at any time before trial

---

[1] Plaintiff has filed an application to proceed *in forma pauperis*. ECF No. 4. Because defendant removed the case to this court, plaintiff is not required to pay a filing fee. His application to proceed *in forma pauperis* is therefore denied as unnecessary.

1  by the Attorney General to the district court of the United States." *See* 28 U.S.C. §§ 2679(d)(1)-
2  (2). Once the United States has been substituted as defendant, jurisdiction lies solely in federal
3  court. *Staple v. United States*, 740 F.2d 766, 769 (9th Cir. 1984) ("Once certification takes place,
4  the plaintiff can no longer proceed in state court; the situs of the lawsuit moves to federal court,
5  where the United States becomes the only proper defendant.") (citing 28 U.S.C. § 2679(d)); *see*
6  *also Osborn v. Haley*, 549 U.S. 225, 231 (2007) (holding that "certification is conclusive for
7  purposes of removal, i.e., once certification and removal are effected, exclusive competence to
8  adjudicate the case resides in the federal court, and that court may not remand the suit to the state
9  court").

10      The complaint contains no allegations that defendant is a federal agency, and the United
11 States has not shown that the Attorney General filed the required certification. If the United
12 States cannot make such a showing, removal under § 2679(d) is improper. However, because the
13 United States could potentially make such a showing, removal could ultimately be necessary
14 under the statute. *See Staple*, 740 F.2d at 769. Fuller briefing may provide greater clarity. At
15 this time, plaintiff's motions are denied without prejudice.

16                                  **Motion to Dismiss**

17      The United States moves to dismiss, arguing that because defendant is a part of the U.S.
18 Department of Labor, sovereign immunity bars plaintiff's claims unless they are brought against
19 the United States under the FTCA. ECF No. 3-1 at 1. Moreover, the United States argues that
20 even if plaintiff amended his complaint to sue the United States, this court lacks jurisdiction
21 because plaintiff has not exhausted his administrative remedies under the FTCA. *Id.*

22      Under Federal Rule of Civil Procedure 12(b)(1), a defendant can move to dismiss for lack
23 of subject matter jurisdiction. Attacks on jurisdiction under Rule 12(b)(1) can be either facial—
24 confining the inquiry to allegations in the complaint—or factual, permitting the court to look
25 beyond the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Once the moving
26 party has converted the motion to dismiss into a factual motion by presenting affidavits or other
27 evidence properly brought before the court, the party opposing the motion must furnish affidavits
28 or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

The United States advances a factual attack on jurisdiction since there is no mention in the complaint that defendant is a federal agency. *See generally* ECF No. 1 at 2-25. Therefore, the court looks to any "affidavits or other evidence properly brought before the court" to determine if the complaint should be dismissed for a lack of jurisdiction. *See Savage*, 343 F.3d at 1040. Here, the United States offered a website link as its sole evidence of jurisdiction. *See* ECF No. 3-1 at 2 (citing https://www.dol.gov/general/topic/training/jobcorps). The link leads to a webpage that states in its entirety:

> Job Corps is a no-cost education and vocational training program administered by the U.S. Department of Labor that helps young people ages 16-24 improve the quality of their lives by empowering them to get great jobs and become independent.
>
> For information on Job Corps, including eligibility requirements and location of the center nearest you, please visit JobCorps.gov or call 1-800-733-JOBS (5627).
>
> **Related Webpages**
>
> Job Corps Center Locations - There are 131 Job Corps centers located throughout the United States, each offering educational training and a variety of vocational training programs. Visit this page to learn more about centers located near you and what they have to offer.
>
> Job Corps Program Information - Find key Job Corps program information, including contact information.

This webpage, which makes no mention of defendant Sacramento Job Corps Center, is insufficient to establish that defendant is an agency within the United States government. Because the United States failed to supply "affidavits or other evidence" demonstrating that defendant is a United States agency, the court cannot properly assess jurisdiction.[2]

---

[2] The United States could have provided a declaration attesting that defendant is a U.S. agency or a citation to a statute or other authority noting such a designation.

The United States has provided a declaration from Sarah Naji, an attorney for Claims and Compensation at the Department of Labor, attesting that the Department has no record of plaintiff filing a "'Claim for Damage, Injury, or Death' or any other written notification of a claim for money damages in a sum certain." ECF No. 3-2 at 1. The declaration, however, does not establish that defendant is a part of the United States government. *Id.* While this declaration

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 4, is denied as unnecessary.

2. Defendant's motion to dismiss, ECF No. 3, is denied without prejudice.

3. Plaintiff's motions for remand, ECF Nos. 7 & 10, are denied without prejudice.

4. Defendant shall file a renewed motion to dismiss on or before October 28th, 2022.

    a. Plaintiff shall file his responsive brief as well as any cross motions by no later than November 11, 2022.

    b. Defendant may submit a reply brief, and shall file a response to any cross motions, on or before November 18, 2022.

5. Plaintiff shall file a renewed motion to remand on or before October 28th, 2022.

    a. Defendant shall file his responsive brief as well as any cross motions by no later than November 11, 2022.

    b. Plaintiff may submit a reply brief, and shall file a response to any cross motions, on or before November 18, 2022.

6. Absent a court order, no hearing will be held on these motions.

IT IS SO ORDERED.

Dated:   September 29, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

might be probative of plaintiff's ability to bring an FTCA claim, it is insufficient to establish jurisdiction.