1
2
3
4
5
6
7
8
     UNITED STATES DISTRICT COURT
9
    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11
RAYMOND DOUGLAS,       Case No.  2:21-cv-02285-DAD-JDP (PS)
12
    Plaintiffs,
13
  v.          FINDINGS AND RECOMMENDATIONS
14
SACRAMENTO JOB CORPS CENTER,
15
    Defendant.
16

17    Plaintiff Raymond Douglas alleges that from November 2014 through February 2015 he

18 was enrolled in the U.S. Department of Labor's Job Corps program and was a resident at

19 defendant Sacramento Job Corps Center.  ECF No. 1-1.  He alleges that between October 2014

20 and February 2015 fellow enrollees inappropriately touched, manipulated, or battered him in his

21 sleep, and staff failed to adequately respond to his complaints, leading ultimately to his ouster

22 from the program.

23    Plaintiff commenced this action in Sacramento County Superior Court.  ECF No. 7-2 at 4.

24 In December 2021, more than six months after plaintiff filed his second amended complaint and

25 more than four years after plaintiff commenced this action in state court, the United States

26 removed the case to this court on behalf of defendant.  ECF No. 1.  Thereafter, the United States

27 filed a motion to dismiss, and plaintiff filed motions to remand.  ECF Nos. 3, 7, & 10.  I denied

28

the parties' motions with instructions to provide additional briefing addressing whether defendant is a federal agency—a question central to the resolution of the parties' motions.  ECF No. 15.

The parties' renewed motions are now before the court.  ECF Nos. 16 & 17.  In his motion to remand, plaintiff argues that defendant is not a federal agency and that removal was untimely.  ECF No. 16.  The United States moves to dismiss, arguing that because defendant is a federal agency, plaintiff's claims can only proceed under the Federal Tort Claims Act, and that the United States is the only proper defendant under that act.  ECF No. 17.  The United States further argues that any attempt to amend the complaint to substitute the United States as defendant would be futile, both because plaintiff failed to exhaust his administrative remedies and because his claims are barred by the Federal Employees Compensation Act.

**Legal Standards**

### A.      Removal Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Alternatively, the federal officer removal statute allows a civil action to be removed from state to federal court if it involves, in relevant part, "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."  28 U.S.C. § 1442(a)(1).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Section 1441(a) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.'") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  However, § 1442(a)(1) is interpreted "broadly in favor of removal."  *Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1252 (9th Cir.

2006); *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (explaining that "the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)") (internal marks omitted).

The Rule 12(b)(1) framework applies to challenges to § 1442(a)(1) removal. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) (concluding that "applying the Rule 12(b)(1) framework to resolve jurisdictional challenges in this context will not unduly burden the unique rights § 1442 affords removing defendants"). "Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Id.* Plaintiff may file a motion to remand which, "[a]s under Rule 12(b)(1) . . . may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations." *Id.*

**B.      Rule 12(b)(1)**

A party may move to dismiss a case for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of this, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

A jurisdictional challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party "accepts the truth of the . . . allegations [supporting federal jurisdiction] but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039). In a factual challenge, the court does not simply accept the allegations in the complaint as true. *Id.* Instead, "when challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010), and the court makes findings of fact, resolving any material factual disputes by independently evaluating the evidence, *Friends of the Earth v. Sanderson Farms, Inc*., 992 F.3d 939, 944-45 (9th Cir. 2021).

3

**Motion to Remand**

### A.    Federal Agency Status

In its removal notice, the United States contends that removal is warranted because the lone defendant, the Sacramento Job Corps Center, is a United States agency.  ECF No. 1 at 1-2. In support of removal, the United States cites both § 1442(a)(1), the federal officer and agency removal statute, and § 1441(a), which provides for the removal of actions over which the federal district court would have original jurisdiction.  *Id.*  The United States argues that the court has original jurisdiction under 28 U.S.C. § 1346(b)(1) because the Federal Tort Claims Act ("FTCA") provides the only possible waiver of sovereign immunity in a suit alleging negligence by a federal agency.  *See* ECF No. 1 at 2; ECF No. 18.[1]  Plaintiff contests the United States' characterization of defendant as a federal agency, arguing instead that defendant is an independent contractor, and thus that removal was not permitted on either ground.  *See* ECF No. 16.

As it is used in § 1442(a), a "federal agency" is "any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense."  28 U.S.C. § 451; *see Carney v. City of San Diego*, No. 21-CV-392 DMS (MDD), 2021 WL 2886049, at *2 (S.D. Cal. July 9, 2021) (explaining that "28 U.S.C. § 451 defines 'agency' for the purposes of Title 28").  The FTCA separately provides that "the term 'Federal agency' includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States."  28 U.S.C.A § 2671.  Entities that satisfy the FTCA definition generally also satisfy the broader definition provided at § 451. *See, e.g.*, *In re Subpoena In Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) (citing § 451 and holding

---

[1] The United States also cites the Westfall Act, which provides that "the Attorney General may, at any time before trial, remove a case to federal court and substitute the United States as defendant upon certification that the defendant employee was acting within the scope of his employment at the time of the incident."  28 U.S.C § 2679(d)(2); *see* ECF No. 1 at 2.  However, the United States has not shown that the Attorney General made the required certification, and their opposition does not defend removal on this basis.  *See* ECF No. 18.

1    that "[s]ince the Smithsonian is an independent establishment of the United States within the
2    [FTCA's] definition of federal agency. . . we conclude the Smithsonian is an agency of the United
3    States under § 1442(a)(1)") (internal marks and citations omitted).

4         The United States argues that defendant is part of the U.S. Department of Labor ("DOL")
5    and that the DOL is a federal agency under any definition.  ECF No. 18 at 5; ECF No. 17-1 at 4.
6    With its motion to dismiss, the United States submits a declaration by Karl Kindberg, Division
7    Chief for Program Support of the Office of Job Corps San Francisco Division, attesting that:
8    (1) "Job Corps is a 100% federally funded program that is administered by the [DOL]"; (2) the
9    "Sacramento Job Corps Center is part of DOL's Job Corps Program"; (3) "[t]he day-to-day
10   management and operation of many of the Job Corps centers is contracted out by DOL to
11   corporations"; and (4) "DOL entered into a contract with McConnel [sic] Jones Lanier and
12   Murphy LLP to run the Sacramento Job Corps Center for all periods relevant to the suit"; and
13   (5) "Employees of McConnell Jones Lanier and Murphy LLP are not federal employees."  ECF
14   No. 17-2 at 1-2.

15        Plaintiff acknowledges that the Job Corps program is administered by the DOL and that
16   the DOL is a federal agency.  ECF No. 16-1 at 7; ECF No. 23 at 2 (plaintiff's supplemental
17   briefing in support of his motion to remand).  Nevertheless, plaintiff maintains that he is neither
18   attempting to sue the DOL, nor the Job Corps program, nor any of the independent contractors
19   that have operated defendant.  *See* ECF No. 16 at 5 (describing defendant as "one facility where
20   the employees thereof conduct business, whose employees and enrollees harmed the Plaintiff").
21   Following hearing to consider the nature of the purported defendant, the court indicated that it
22   would grant plaintiff leave to amend if he wished to correct a possible misnomer or misidentified
23   defendant.  ECF No. 22.  Rather than file a motion to amend the complaint, plaintiff filed
24   supplemental briefing in support of his motion to remand, in which he asserts that "[e]ach Job
25   Corps center, in principle, is that of the operator and service provider that operates and provides
26   service to it."  ECF No. 23 at 2.  He adds that the "the Sacramento Job Corps Center is a
27   corporate entity . . . [that] has legal capacity and the individual capacity to be held liable for
28   damages arising from acts and omissions from the employees and enrollees thereof."  *Id.*

1    However, plaintiff fails to provide evidence of defendant's corporate status or authority for his

2    assertion that defendant has the legal capacity to be sued.

3         Had plaintiff sued the operator of the Center—at the time, McConnell Jones Lanier and

4    Murphy LLP—I would have little trouble concluding that he had not sued a federal agency under

5    any definition. *See Gibson v. United States*, 567 F.2d 1237, 1242 (3d Cir. 1977) (holding that the

6    independent contractor defense applied to the operator of a job corps center).  In the absence of

7    authority reflecting the legal capacity to be sued possessed by the Sacramento Job Corps Center

8    itself—separate and apart from its contracted operator—the United States' position prevails:

9    plaintiff's suit is directed at a component of the Job Corps program.  The Job Corps' authorizing

10   statutes expressly provide that "[f]or purposes of the Federal tort claims provisions in Title 28,

11   enrollees shall be considered to be employees of the Government."  29 U.S.C. § 3207(a)(4); *see

12   also* 29 C.F.R. § 15.302 ("Claims involving the negligent acts or omissions of Job Corps students

13   or Federal employees are claims under the FTCA.").  Although plaintiff also appears to allege

14   negligent acts on the part of the operator and its employees, his allegations center on wrongful

15   acts by fellow Job Corps program enrollees.  *See* ECF No. 1-1 at 2-15; *see also infra*, pages 7-8.

16   Moreover, in analogous cases involving FTCA claims against Job Corps centers, courts have

17   treated centers as federal agencies and have substituted the United States as defendant.  *See

18   Sigala v. Treasure Island Job Corps Ctr.*, C 12-03699 LB, 2013 WL 321674, at *3 (N.D. Cal.

19   Jan. 28, 2013) ("As Mr. Sigala has brought an action against an entity organized and administered

20   by the United States Department of Labor for damages under the FTCA, the United States is

21   hereby substituted as the proper defendant to this action.").  In light of this purpose, and

22   considering the unresolved ambiguity in plaintiff's pleadings, this action is properly construed,

23   for the purpose of removal under § 1442(a)(1), as one against an agency of the United States.

24        **B.     Timeliness of Removal**

25        Plaintiff argues that the United States did not timely remove this action after defendant

26   was served with the complaint.  ECF No. 16 at 3-4 (citing 28 U.S.C. § 1446(b)(1) (providing that

27   notice of removal "shall be filed within 30 days after the receipt by the defendant, through service

28   or otherwise, of a copy of the initial pleading . . .")).  According to plaintiff, he served the initial

1  complaint on defendant on January 18, 2017, and he served the second amended complaint on
2  defendant on July 27, 2021—four and a half months before the United States removed this action
3  December 10, 2021.  *Id.* at 3.

4          The United States contends that the clock on the thirty-day limitations period had not
5  begun because plaintiff failed to properly effect service.  ECF No. 18 at 4-5.  "[T]he removal
6  period is triggered only when the defendant is properly served and thus subject to a court's
7  jurisdiction."  *Bell v. I.R.S.*, CV-F-01-5246 OWW LJO, 2001 WL 721736, at *2 (E.D. Cal. Apr.
8  27, 2001) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354-55
9  (1999)).  Under Rule 4(i), "[t]o serve a United States agency or corporation . . . a party must serve
10  the United States and also send a copy of the summons and of the complaint by registered or
11  certified mail to the agency, corporation, officer, or employee."  Fed. R. Civ. P. 4(i)(2).  "To
12  serve the United States, a party must . . . deliver a copy of the summons and of the complaint to
13  the United States attorney for the district where the action is brought."  *Id.* at 4(i)(1)(A)(i).

14          Plaintiff's proofs of service indicate that he did not properly effect service under Rule 4(i).
15  On January 18, 2017, he served the original complaint on Francesca Johnson, Human Resources
16  Coordinator of the Sacramento Job Corps Center.  ECF No. 16-2 at 4.  On July 27, 2021, he
17  served the second amended complaint on Rodney Carter, Safety and Security Manager of the
18  Sacramento Job Corps Center.  *Id.* at 6.  Plaintiff has made no showing that he served the United
19  States Attorney's Office.  Therefore, the clock had not begun to run at the time that the United
20  States removed this action in December 2021, and the United States properly removed this action
21  pursuant to 28 U.S.C. § 1442(a).  *See Bell*, 2001 WL 721736 at *1-2.

22                                     **Motion to Dismiss**

23          Plaintiff alleges that on several occasions between November 2014 and February 2015,
24  enrollees and "residential advisors" of the Sacramento Job Corps Center sexually battered him
25  while he slept, including by trimming his body hair and taking lewd photos of him.  ECF No. 1-1
26  at 2-15.  He claims that defendant is liable under various California civil rights statutes, for
27  causing violence or threats of violence because of his disability, *id.* at 15-16, 19-20, & 23 (citing
28  California's Ralph and Unruh Acts, Cal. Civ. Code §§ 51.7(b)(1) & 52(b)), and for interference

1    with his purported right to access the benefits offered by defendant, *id.* at 21-22 (citing

2    California's Bane Act, Cal. Civ. Code § 52.1(c)).  Plaintiff also claims that defendant was

3    negligent insofar as various administrators and staff failed to adequately respond to his

4    complaints or to take necessary steps to protect him from further harm.  *Id.* at 17-19 (citing Cal.

5    Civ. Code § 1714).  Lastly, plaintiff claims that defendant is liable for false light because an

6    enrollee shared one or multiple lewd photographs of plaintiff with other enrollees, instructors, and

7    staff.  *Id.* at 20-21.

8         The United States moves to dismiss, arguing that because defendant is a part of the DOL,

9    sovereign immunity bars plaintiff's claims unless they are brought against the United States under

10   the FTCA.  ECF No. 17-1 at 4-6.  The United States further argues that even if plaintiff amended

11   his complaint to sue the United States, this court lacks jurisdiction because plaintiff has not

12   exhausted his administrative remedies under the FTCA.  *Id.*  And the United States argues that

13   plaintiff's claim is barred by the Federal Employees Compensation Act ("FECA").  *Id.* at 7 (citing

14   5 U.S.C. § 8101 *et seq.*).

15        The United States is a sovereign and cannot be sued without its consent.  *United States v.*

16   *Testan*, 424 U.S. 392, 399 (1976).  Accordingly, claims against federal agencies are barred unless

17   the United States has waived its sovereign immunity.  *Rattlesnake Coal. v. United States Env't*

18   *Prot. Agency*, 509 F.3d 1095, 1103 (9th Cir. 2007) (citing *United States v. Mitchell*, 445 U.S. 535,

19   538 (1980).  "A necessary corollary of this rule is that when Congress attaches conditions to

20   legislation waiving the sovereign immunity of the United States, those conditions must be strictly

21   observed, and exceptions thereto are not to be lightly implied."  *Block v. N. Dakota ex rel. Bd. of*

22   *Univ. and Sch. Lands*, 461 U.S. 273, 287 (1983); *see Jerves v. United States*, 966 F.2d 517, 521

23   (9th Cir. 1992).

24        The FTCA waives the government's sovereign immunity and allows a plaintiff to sue the

25   United States for injuries resulting from a federal agency or employee's tortious conduct.  28

26   U.S.C. § 1346(b); *Levin v. United States*, 568 U.S. 503, 506 (2013) ("The Act gives federal

27   district courts exclusive jurisdiction over claims against the United States for "injury or loss of

28   property, or personal injury or death caused by the negligent or wrongful act or omission" of

8

1   federal employees acting within the scope of their employment."); *Kennedy v. U.S. Postal Serv.*,

2   145 F.3d 1077, 1078 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tort actions against

3   a federal agency.") (citing 28 U.S.C. § 2679(a)).   Under the FTCA, plaintiff must specifically

4   allege in the complaint that he exhausted his administrative remedies by presenting his tort claims

5   and damages to defendant.  *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The

6   timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit

7   under the FTCA . . . and should be affirmatively alleged in the complaint.  A district court may

8   dismiss a complaint for failure to allege this jurisdictional prerequisite.").

9          Plaintiff alleges tort claims against defendant Sacramento Job Corps Center; and, for the

10   purpose of this action, defendant is construed as part of the DOL, a federal agency.[2]  Although

11   these claims arise out of defendant's acts or omissions, the FTCA only permits claims to be

12   brought against the United States.  *See Kennedy*, 145 F.3d at 1078 ("[T]he United States is the

13   only proper party defendant in an FTCA action.").  Accordingly, because the complaint only

14   asserts claims against Sacramento Job Corps Center and not the United States, the complaint must

15   be dismissed.  *See id.*

16          Plaintiff does not allege that he exhausted his administrative remedies under the FTCA.

17   *See* ECF No. 1-1.  With its initial motion to dismiss, the United States submitted a declaration

18   from Sarah Naji—Counsel for Claims and Compensation, Office of the Solicitor, U.S.

19   Department of Labor—attesting that the department has "no record" or "any other written

20   notification of a claim for money damages in a sum certain by or on behalf of Raymond Douglas

21   arising out of the circumstances set forth in the Second Amended Complaint filed on June 1,

22   2021."  ECF No. 3-2.  Plaintiff argues only that the FTCA's administrative procedures are

23   inapplicable because he brought his claims under state law—an argument foreclosed by the

24   finding that defendant is a federal agency.  ECF No. 19 at 3-4.  Because plaintiff did not exhaust

25   _____

26          [2] Although plaintiff does not identify defendant as a federal agency in his complaint, the
     United States is permitted to introduce evidence beyond the complaint on a Rule 12(b)(1) motion.
27   *See Safe Air*, 373 F.3d at 1039 (providing that in a factual attack on jurisdiction, the moving party
     may present affidavits or other evidence beyond the complaint).  The evidence that supports
28   treating defendant as a federal agency is discussed *supra*, pages 4-7.

his remedies under the FTCA, any attempt to amend the complaint to name the United States as defendant would be futile. *See Plante v. United States*, No. 09-CV-01217-H (POR), 2009 WL 2045692, at *2 (S.D. Cal. July 8, 2009) (dismissing a complaint in a case in which the plaintiff failed to allege administrative exhaustion and the defendant provided a declaration that it did not receive an administrative tort claim).

The United States further argues that plaintiff's claims are barred because the FECA provides his exclusive remedy. ECF No. 17-1 at 7. "FECA requires the Government to 'pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty.'" *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (quoting 5 U.S.C. § 8102(a)). "FECA's exclusivity provision bars recovery under the FTCA, providing that '[t]he liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the United States . . . to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute.'" *Id.* (quoting 5 U.S.C. § 8116(c)). Job Corps enrollees are covered as federal employees under FECA. 5 U.S.C. § 8143(a). Plaintiff brought his claims against a federal agency, and they arise from his employment relationship with that federal agency. Thus, his claims are within the purview of the FECA, and this court lacks jurisdiction to hear his FTCA claims. *See Sigala*, 2013 WL 321674, at *3-4 (holding that a Job Corps enrollee's FTCA claims against a Job Corps center were barred by FECA). Accordingly, plaintiff's complaint should be dismissed.

In light of FECA's exclusivity provision, amendment would be futile insofar as plaintiff seeks to assert jurisdiction in federal court or to preserve claims against the United States. However, as the United States acknowledges, FECA merely "excludes all other remedies *against the United States*." ECF No. 17-1 (citing 5 U.S.C. § 8116(c)) (emphasis added). While some of plaintiff's claims arise from the acts or omissions of Job Corps enrollees—who are considered federal employees under the FTCA—his negligence claims arise at least partially from the acts or omissions of individuals employed by McConnell, Jones, Lanier, and Murphy, LLP. *See* ECF No. 1-1 at 17-19. The United States cites no authority that plaintiff's state law claims could not

1     lie against an independent contractor to the United States.  In light of plaintiff's pro se status, his

2     choice of forum in state court, and the possibility that he intended to name the Sacramento Job

3     Corps Center's operator or its employees as defendants in this action, I recommend that his

4     complaint be dismissed without prejudice.  *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir.

5     2000) (en banc) (holding that "leave to amend should be granted if it appears at all possible that

6     the plaintiff can correct the defect," and that this rule is "particularly important for the pro se

7     litigant") (internal citations and marks omitted).

8             Accordingly, it is hereby RECOMMENDED that:

9             1.  Defendant's motion to dismiss, ECF No. 17, be granted.

10             2.  Plaintiff's claims against defendant Sacramento Job Corps Center be dismissed for lack

11     of jurisdiction.

12             3.  Plaintiff be granted twenty-eight days from any order adopting these findings and

13     recommendations to file a third amended complaint.

14             4.  Plaintiff's motion for remand, ECF No. 16, be denied.

15             These findings and recommendations are submitted to the United States District Judge

16     assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17     after being served with these findings and recommendations, any party may file written

18     objections with the court and serve a copy on all parties.  Such a document should be captioned

19     "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20     objections shall be served and filed within fourteen days after service of the objections.  The

21     parties are advised that failure to file objections within the specified time may waive the right to

22     appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

23     *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24

25     IT IS SO ORDERED.

26

27     Dated:     __May 28, 2023__               _____

                                 JEREMY D. PETERSON

28                                UNITED STATES MAGISTRATE JUDGE